

**Signed: December 23, 2009**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 08-41296 T |
| QUAIL LAKE ESTATES ASSOCIATES, L.P., etc., | Chapter 11 |
| Debtor. _____/ | |
| QUAIL LAKE ESTATES ASSOCIATES, L.P., | A.P. No. 09-4292 AT |
| Plaintiff, | |
| vs. | |
| BANKFIRST, etc., MTC FINANCIAL CORP., etc., | |
| Defendants. _____/ | |

**MEMORANDUM OF DECISION RE**
**MOTION TO DISMISS BY MTC FINANCIAL CORP.**

The motion to dismiss filed by defendant MTC Financial Corp. ("MTC") came before the Court on December 14, 2009. Appearances were stated on the record. At the conclusion of the hearing, the Court took the motion under submission. The Court's findings and conclusions are set forth below.

**DISCUSSION**

The factual and procedural background giving rise to the complaint and to MTC's motion to dismiss are set forth in the Memorandum of Decision Re Motion to Dismiss by the FDIC (the "FDIC Memorandum") and will not be repeated here. MTC was the foreclosure trustee with respect to the March 23, 2009 foreclosure sale of the debtor's real property (the "Development Property"). MTC moved to dismiss with prejudice certain claims asserted against it by the debtor (the "Debtor") in the complaint and to strike the prayer for punitive damages.

MTC notes that the complaint seeks damages against it for violation of the automatic stay.[1] MTC contends that the claims should be dismissed for two reasons. First, it contends that, once the Plan was confirmed, the automatic stay terminated. Second, it contends that, even if the foreclosure sale did violate the automatic stay, the Debtor was not entitled to recover compensatory damages. Only individuals injured by stay violations are entitled to recover damages. See 11 U.S.C. § 362(k)(1); In re Chateaugay Corp., 920 F.2d 183 (2nd Cir. 1993); In re Pace, 67 F.3d 187 (9th Cir. 1995). MTC contends that, under the circumstances, the deficiencies of the complaint cannot be remedied. Thus, the claims should be dismissed with prejudice.

---

[1] MTC's motion does not address the third claim for relief, seeking to avoid the foreclosure sale as an unauthorized post-petition transfer pursuant 11 U.S.C. § 549. Neither does it address the fourth and fifth claims for relief, which assert that the foreclosure sale violated state law. As a result, the Court makes no ruling with respect to these three claims.

2

MTC also moves to strike the claim for punitive damages. It notes that punitive damages are only recoverable in cases of oppression, fraud, and malice. See Cal. Civ. Code § 3294; Hilliard v. A.H. Robbins Co., 148 Cal. App. 3d 374, 392 (1983); Flyer's Body Shop Profit Sharing Plan v. Ticor Title Insurance Co., 185 Cal. App. 3d 1149, 1154 (1977). MTC contends that the complaint fails to allege any such conduct or motive on its part. MTC points out that it has no interest in the Development Property and was merely acting according to the instructions of its client.

In response, the Debtor notes that the Plan provided that the bankruptcy estate would continue and that the Development Property would remain property of the bankruptcy estate until the Plan was substantially consummated. Substantial consummation would only occur once the Debtor had sufficient funds to pay the pre-confirmation delinquent property taxes. This never occurred.

The Debtor concedes that, because it is not an individual, it is not entitled to damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1). However, it notes that there is ample authority providing that a nonindividual can recover damages in the Court's discretion based on the Court's inherent powers and 11 U.S.C. § 105(b). In re Dyer, 322 F.3d 1178, 1190-91 (9th Cir. 2003).

Finally, the Debtor contends that MTC's bad faith was sufficiently alleged in the complaint to support an award of punitive damages. Thus, it opposes the motion to strike this portion of the prayer. MTC did not file a reply.

3

MTC's motion to dismiss the first and second claims for relief will be granted. For the reasons stated in the FDIC Memorandum, the Court concludes that the foreclosure sale did not violate the automatic stay. The dismissal of these claims will be with prejudice. The Court will also strike the prayer for punitive damages as applied to MTC with respect to all claims. The Court is doubtful that a foreclosure trustee may be held liable for compensatory damages where it is simply following the instructions of the benficiary. However, clearly, something more than a conclusory allegation of bad faith is required to support a prayer for punitive damages against such a defendant.

**CONCLUSION**

MTC's motion to dismiss the first and second claims for relief and to strike the claim for punitive damages is granted in its entirety. Dismissal of the first and second claims for relief is with prejudice. The prayer for punitive damages is stricken without prejudice. Counsel for MTC is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

James D. Wood
Law Offices of James D. Wood
3675 Mt. Diablo Blvd. #250
Lafayette, CA 94549-3775

Thomas Greco
Turner, Reynolds, Greco and O'Hara
16485 Laguna Canyon Rd., #250
Irvine, CA 92618

Joshua D. Wayser
Katten Muchin Rosenman
2029 Century Park E #2600
Los Angeles, CA 90067